# IN THE SUPREME COURT OF THE STATE OF NEVADA

JAMES ERIC EPPS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 71727

**FILED**

SEP 20 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of second-degree murder with use of a deadly weapon. Eighth Judicial District Court, Clark County; Douglas W. Herndon, Judge.[1]

### FACTS

On November 19, 2012, Epps was charged with a single count of murder with the use of a deadly weapon for the killing of William Fetting. Epps claimed that the stabbing was accidental and unintentional.

Seven continuances were granted in this case. Two were a result of a change of counsel resulting from breakdowns in the attorney/client relationship. Epps' third appointed attorney then required several continuances because he needed more time to prepare for trial, was unavailable due to an upcoming surgery, and the defense experts were not ready for trial. The State also obtained a continuance due to the unavailability of a State's witness. After the hearing on May 19, 2016, in which the seventh continuance was granted to ready the defense experts, the district court set the trial date for August 1, 2016.

---

[1]The Honorable Abbi Silver, Justice, is disqualified from participation in the decision of this matter.

19- 39320

On June 22, 2016, Epps submitted a handwritten motion for a *Faretta* hearing and to dismiss counsel. *See Faretta v. California*, 422 U.S. 806 (1975). In his motion, Epps' expressed concerns about his trial counsel Frank P. Kocka's representation were (1) the failure to file motions on constitutional issues; (2) the failure to test evidence and investigate witnesses; (3) the failure to address violations of *Brady v. Maryland*, 373 U.S. 83 (1963); (4) the failure to file motions and follow up on a motion filed by previous counsel; (5) the failure to timely bring in experts as requested by Epps; and (6) that there were trust issues regarding Kocka's relationship with the district attorney. Although the motion clearly stated the reasons he was unhappy with Kocka's representation, the request to represent himself was far more ambiguous as the motion, except for the header, did not actually contain any request for self-representation.

At the July 19, 2016, hearing, Kocka indicated that he was prepared for trial, that his expert was "in place," and he had located an additional defense witness. Kocka believed his relationship with Epps was breaking down because Epps wanted him to file motions that Kocka deemed to be frivolous. Epps continued to express dissatisfaction with Kocka's preparations, particularly in regard to DNA evidence. The court addressed Epps and asked him if he would be ready for trial in 13 days if he represented himself, to which he responded that he needed additional time to do investigations. The court denied Epps' motion to represent himself and dismiss counsel, stating:

> The minutes will reflect that your request is untimely because you admitted in open court that you cannot be prepared. This trial's been continued so many times that that's why I've determined your

motion is untimely and that's a basis for me to deny your motion.[2]

After a seven-day jury trial, Epps was convicted of second-degree murder with use of a deadly weapon. Epps' direct appeal from the judgment of conviction was transferred to the court of appeals, who affirmed the judgment of conviction. *Epps v. State*, Docket No. 71727 (Order of Affirmance, March 14, 2018). This court granted Epps' petition for review and now affirms the judgment of conviction.

## DISCUSSION

Epps argues that the district court abused its discretion in denying his motion for self-representation on the sole basis that it was untimely filed. A district court's order denying a defendant's request to represent himself is reviewed for an abuse of discretion. *Guerrina v. State*, 134 Nev. 338, 341, 419 P.3d 705, 709 (2018); *see also Lyons v. State*, 106 Nev. 438, 445, 796 P.2d 210, 214 (1990), *abrogated in part on other grounds by Vanisi v. State*, 117 Nev. 330, 341, 22 P.3d 1164, 1172 (2001).

The United States Supreme Court has held that a defendant in a state criminal trial has the constitutional right to represent himself if he voluntarily and intelligently elects to do. *Faretta*, 422 U.S. 806. However, invoking the right "is not a license to abuse the dignity of the courtroom" or fail "to comply with relevant rules of procedural and substantive law." *Id.* at 834 fn. 46. Nevada has interpreted *Faretta* to allow for the denial of a defendant's right to self-representation when (1) the request is untimely, equivocal, or made solely for the purpose of delay; (2) the defendant abuses the right by disrupting the judicial process or is incompetent to voluntarily

---

[2]The Honorable Michael P. Villani, Judge, presided over the pre-trial *Faretta* hearing.

and intelligently waive his or her right to counsel; or (3) the case is especially complex and requires assistance of counsel. *Lyons*, 106 Nev. at 443, 769 P.2d at 213. *Lyons* notes and adopts three different standards used in other jurisdictions regarding timeliness:

> First, if the request is made well before trial, the right to self-representation is timely as a matter of law and may not be denied absent a justification other than timeliness. Second, if the request is made shortly before or on the day of trial, the court may, in its discretion, deny the request as untimely unless there is reasonable cause to justify the lateness of the request. Third, if the request is made during trial, the court has a larger measure of discretion to grant or deny the request.

*Id.* at 445, 769 P.2d at 214.

The court further clarified that if "the request comes early enough to allow the defendant to prepare for trial without need for a continuance, the request should be deemed timely." *Id.* at 446, 769 P.2d at 214. Additionally, a court can deny the request on the ground of untimeliness alone if there is no showing of reasonable cause for the lateness of the request. *Id.* In a more recent decision, this court reiterated that the timing of the motion is a proper consideration for the district court and that the defendant must demonstrate reasonable cause to excuse a late request. *Guerrina*, 134 Nev. at 342, 419 P.3d at 709-10. In *Guerrina*, this court determined that the defendant had not demonstrated reasonable cause for the late request because "[h]e pointed to no event that triggered his loss of faith in counsel 8 months after counsel's appointment and 24 days before trial." *Id.* at 342, 419 P.3d at 710.

Epps' motion did not state a cause, reasonable or otherwise, nor did he present a reason at the hearing, for why the motion was brought so shortly before trial that he would not have been able to proceed without a

continuance. The only basis presented was Epps' dissatisfaction with his counsel's investigation and differences over trial strategy. The burden to show reasonable cause for the untimeliness rests on Epps. *See id.* The district court provided Epps an opportunity at the motion hearing to demonstrate why his motion should be granted. Nevertheless, the record does not show reasonable cause for the untimely filing of the motion, and the concerns brought forth by Epps in the motion and at the hearing were not recent events.

We note that the motion was filed six weeks before the trial, but the hearing on the motion occurred approximately two weeks before the scheduled trial date. However, Epps does not demonstrate that he would not have needed a continuance if the hearing had been scheduled promptly after the motion was filed, and his claimed desire to retain a new expert and conduct additional investigation makes it unlikely a continuance would not have been required.

We conclude there was no abuse of discretion in the district court's denial of the motion and finding that it was untimely filed and we, therefore

ORDER the judgment of conviction AFFIRMED.

_____, C.J.
Gibbons

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Cadish

cc:     Hon. Douglas W. Herndon, District Judge
        Coyer Law Office
        Attorney General/Carson City
        Clark County District Attorney
        Eighth Judicial District Court Clerk

STIGLICH, J., with whom HARDESTY, J., agrees, dissenting:

I agree with the majority's interpretation of the precedent set by this court in *Lyons* and *Guerrina*.  *Lyons v. State*, 106 Nev. 438, 445-46, 796 P.2d 210, 214-15 (1990), *abrogated in part on other grounds by Vanisi v. State*, 117 Nev. 330, 341, 22 P.3d 1164, 1172 (2001); *Guerrina v. State*, 134 Nev. 338, 341-42, 419 P.3d 705, 709-10 (2018).  However, I respectfully disagree that the district court followed the guidance provided by those cases when it determined that Epps' motion for self-representation was untimely.

The majority writes that the burden to show reasonable cause for the untimeliness rests on Epps.  *Guerrina*, 134 Nev. at 342, 419 P.3d at 709-10.  While this is correct, the district court gave Epps no meaningful opportunity to demonstrate reasonable cause.  The district court judge asked Epps if he was "ready to go to trial in thirteen days and have all the experts ready."  After Epps responded that he would not be ready because he needed to conduct additional investigations, the district court summarily shut down the inquiry, stating, "Sir, I agree with you 100% that thirteen days is not enough time for you to get prepared.  Your motion to represent yourself is denied as untimely."  Epps was given no further opportunity to provide any reason for the timing of his motion.[1]  In this instance, it is clear

---

[1]As the majority points out, the motion was filed six weeks before the trial.  The fact that the hearing on Epps' motion was only 13 days before trial was not within Epps' control.

 

the court did not make inquiries of Epps to determine whether reasonable cause existed, rather, the district court denied the motion because it would have required a continuance. There is no precedent for the proposition that a request for self-representation should be dismissed solely because it would require a continuance. In fact, our prior cases suggest a rejection of a bright-line test and instead favor a test that considers the facts presented in an individual case. For instance, *Lyons* overruled precedent that suggested all *Faretta*[2] motions would be deemed timely as a matter of law if made before the swearing of the jury and instead held that "[t]he decision to grant or deny late requests resides in the sound discretion of the district courts." 106 Nev. at 446, 769 P.2d at 215. *Guerrina* further demonstrates this when it cited to a California court holding that *Faretta* "nowhere announced a rigid formula for determining timeliness without regard to the circumstances of the particular case." *Guerrina*, 134 Nev. at 342, 419 P.3d at 709 (quoting *People v. Lynch*, 237 P.3d 416, 439 (Cal. 2010), *abrogated in part on other grounds by People v. McKinnon*, 259 P.3d 1186, 1212 (Cal. 2011)).

Establishing a bright-line test that all motions for self-representation will be untimely solely because a continuance is required goes against the spirit of the rulings in *Lyons* and *Guerrina*. In *Lyons*, we stated the following: "we stress that our decision today must not be used to limit the exercise of the fundamental constitutional right of self-representation." 106 Nev. at 446, 769 P.2d at 215. The district court appears to have applied a bright-line test in determining that Epps motion was untimely as a matter of law if it requires a continuance. The burden is

---

[2]*See Faretta v. California*, 422 U.S. 806 (1975).

on the district court to correctly apply the test provided by this court and ensure that the record reflects that its rulings are based on established precedent. Here, it did not, and therefore, abused its discretion in denying the motion.

I make no conclusions as to whether reasonable cause existed for the timing of Epps' motion. I would have remanded this matter back to the district court to make the proper inquiries of Epps in order to determine the reasonableness of the timing.

_____, J.
Stiglich

I concur:

_____, J.
Hardesty